## John Price v. The State.

### No. 3756.        Decided May 6, 1898.

**1.—Assault to Murder—Continuance—Diligence.**

Where the first application for continuance did not state why process had not been applied for sooner, or what diligence had been used in ascertaining that the absent witness was a material one; and did not show that the process had been sent to the officer of the county in which the witness lived, and the counsel simply made his verbal statement with reference to these matters the motion was properly overruled.

**2.—Same—Charge of Court.**

Where upon trial for assault with intent to murder, the charge of the court, taken as a whole, presented every issue arising on the testimony, there was no error.

Appeal from the District Court of Williamson. Tried below before the Hon. Victor L. Brooks.

Appeal from a conviction of assault with intent to murder; penalty, fifteen years imprisonment in the penitentiary.

The State's testimony showed that the fire companies of Belton and Georgetown had hose races in Georgetown on the day of the homicide, and that a lot of firemen were gathered there on that day; that after supper the assaulted party, Albert Jacks, Hugh Hood and Albert Cox all members of the fire department, on that day were waiting to go home on a night train; that while waiting, these parties concluded to take a walk to the public square, where a negro minstrel tent was located; that at this point there was a large number of negroes; that the above-named parties started through this crowd of negroes in single file, Hugh Hood in the lead, Albert Cox next and the assaulted party Albert Jacks behind Cox; that they were edging their way through this crowd, when Hood stumbled and brushed against a negro known as Horn Bass; that the latter turned around and said: "What in the hell do you mean by that?" that Hood looked around, but neither of the parties above named said anything; that Bass followed along for a short distance and then hit Hood; that when Bass hit Hood, Hood hit at Bass, but missed him and fell in the gutter; that then Cox hit Bass, and then Jacks got into it with Bass and was getting the best of him; that Bass hit Jacks with a rock and ran and was followed by Jacks when the defendant ran up and stabbed Jacks in the neck, etc. The State's testimony also showed that Jacks was badly injured, and one side of his body was par-

alyzed, that he was unable to attend court as a witness. The State's testimony also showed that Jacks was not armed at the time.

The defendant went on the stand and denied the cutting, and that he had nothing to do with it.

*D. S. Chessher,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was indicted in the District Court of Williamson County for the offense of assault with intent to murder, alleged to have been committed upon one Albert Jacks. He was convicted of the offense charged, and his punishment assessed at confinement in the penitentiary for a term of fifteen years.

When the case was called for trial appellant presented his first application for a continuance for want of the testimony of one J. T. Stirling, who was alleged to reside in Hardin County. The application alleged that on the 26th day of July, 1907, he caused a subpœna to be issued by the clerk of the court directed to the sheriff of Hardin County, Texas, for said witness, but did not allege whether such subpœna was forwarded to the sheriff, or if so, when forwarded, and by whom. It was stated in the application that the facts appellant expected to prove by said witness were that the witness was present at the time and place where the difficulty in question occurred, and that appellant did not take any part in the difficulty, and did not assault the injured party as alleged in the indictment. It appears from the record that when this application was presented to the court, that the court stated to counsel representing appellant that said motion did not contain any showing as to why process had not sooner been applied for, or as to what diligence had been used in ascertaining that the witness was a material one, in that it did not state when the defendant learned of said witness, and that he would testify to the facts stated in the motion, and further, that said motion did not contain any showing that the subpœna had been sent to the sheriff of Hardin County; whereupon counsel stated to the court that he had made the appellication for said witness as soon as he learned that he was material to the defendant's defense, and that the deputy district clerk had informed him that he had mailed the subpœna for said witness to the sheriff of Hardin County immediately after it was issued. It appears from the bill that at this junction the court stated to counsel that the written motion for continuance did not contain the matters that had just been stated verbally by him, and that the court further stated that if counsel wished him to consider these statements as facts they must be inserted in the motion and sworn to as the other facts therein contained, and that counsel then advised the court he would not do this, but requested a ruling of the court upon the motion for continuance. The motion was thereupon overruled, and we think properly so. We think

the application wholly lacking in diligence. It does not disclose when appellant obtained the information as to the importance of this witness, or his whereabouts, what effort, if any, had been made to ascertain these facts, nor does it appear that the process issued had in fact ever been mailed to the sheriff of Hardin County. Again, we think it .evident, in the light of the statement of facts, that the facts which were proposed to be proved by the witness, were not probably true.

On the trial the court submitted to the jury the law of assault with intent to murder, aggravated assault, and simple assault, together with the law of self-defense, although appellant in terms denied that he had struck deceased, and in terms stated that it was not done in self-defense, and that he did not claim this as a defense. There are a number of criticisms of the court's charge in the motion for a new trial, but we do not believe that any of them are good, or that any of the objections can be sustained. We think the charge of the court, taken as a whole, presented every issue arising on the testimony, and when considered together the charge is not subject to any substantial complaint.

The evidence supports, as we believe, the verdict of the jury, and no cause is shown why this court, on the record presented to us, should reverse the judgment of the court below. It is, therefore, ordered that the judgment of the court below be and the same is hereby in all things affirmed.

*Affirmed.*